UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAHID NASIRI, et al., | No. 1:21-cv-01385-KES-EPG |
| Plaintiffs, | |
| v. | ORDER GRANTING MOTION TO DISMISS |
| UNITED STATES DEPARTMENT OF STATE, et al., | |
| Defendants. | Doc. 11 |

Plaintiffs Nahid Nasiri ("Mrs. Nasiri") and Ahmad Jawid Nasiri ("Mr. Nasiri") initiated this action on September 15, 2021, for unreasonable delay in adjudicating their visa applications and for deprivation of due process, against defendants United States Department of State, Antony Blinken, Patricia A. Lacina, and United States Consulate ("defendants"). Doc. 1 ("Compl."). Defendants moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Doc. 11 ("MTD"). Plaintiffs filed an opposition to the motion, Doc. 17 ("Opp'n"), to which defendants replied. Doc. 18 ("Reply"). For the reasons set forth below, defendants' motion to dismiss is granted.

1

## I.   BACKGROUND

Mrs. Nasiri is a U.S. citizen.[1] Compl. ¶ 1. Mr. Nasiri is a citizen of Afghanistan. *Id.* ¶ 2. Mr. Nasiri and Mrs. Nasiri were engaged in July 2011, and married in June 2018. *Id.* ¶¶ 19, 36. From 2012 to 2018, plaintiffs filed three separate immigrant visa applications for Mr. Nasiri to be admitted into the U.S. *Id.* ¶¶ 20–36.

First, Mr. Nasiri filed for an immigrant visa following an "I-129F Petition for a Fiancé Visa (K1)" filed in August 2012. *Id.* ¶ 20. Plaintiffs voluntarily cancelled this application upon their marriage in June 2018. *Id.* ¶ 26.

Second, on November 8, 2012, Mr. Nasiri filed for a "Special Immigrant Visa to the United States based on [Mr. Nasiri] having worked for the U.S. government in Afghanistan and because his long-term safety in Afghanistan was at risk." *Id.* ¶ 21. The U.S. Embassy in Afghanistan issued this special immigrant visa ("SIV") on October 20, 2014. *Id.* ¶ 24. After receiving approval of this visa, Mr. Nasiri resigned his position with the U.S. Embassy in Kabul in November 2014. *Id.* ¶ 25. On November 26, 2014, when Mr. Nasiri attempted to board a flight from Dubai to California, the airline denied him boarding after receiving "notice from the U.S. embassy that his visa was cancelled." *Id.* ¶¶ 27–28. Mr. Nasiri soon after received an email stating that this visa had been cancelled because he had been "terminated for cause from [his] employment." *Id.* ¶ 29. Plaintiffs allege "this statement was untrue as [Mr. Nasiri] was never terminated, but rather his position was eliminated after he notified the Embassy of his resignation and plan to move to California."[2] *Id.* On March 3, 2016, Mr. Nasiri's appeal of his SIV revocation was denied. *Id.* ¶ 32.

Third, Mr. Nasiri filed a visa application for an immigrant visa following "an I-130

---

[1] This recitation of facts is taken from plaintiffs' complaint. For purposes of the Rule 12(b)(6) motion to dismiss, the allegations in the complaint are assumed to be true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

[2] In their MTD, defendants concede that Mr. Nasiri's SIV was revoked not because he had been terminated for cause, but because of disqualifying derogatory information discovered after the issuance of the SIV. MTD at 13. Defendants attest that they sent Mr. Nasiri a clarifying email to this effect shortly after the initial inaccurate email. *Id.*

Petition for Alien Relative as the spouse of a U.S. citizen" (a "spousal visa"), in June 2018 following plaintiffs' marriage. *Id.* ¶ 36. On June 30, 2020, Mr. Nasiri, while residing in Germany, had an interview regarding the spousal visa at the U.S. Embassy in Germany. *Id.* ¶ 40. On July 29, 2020, the U.S. Embassy in Germany asked Mr. Nasiri to complete a supplemental questionnaire, known as a DS-Form 5535. *Id.* ¶ 41. On March 4, 2021, the U.S. Embassy informed Mr. Nasiri that they were denying the spousal visa due to "security and related grounds: terrorist activities." *Id.* ¶ 42. Plaintiffs argue this allegation is false, citing Mr. Nasiri's loyal and trustworthy service to the U.S. government and lack of involvement with any terrorist activities. *Id.* ¶ 43.

Instead, plaintiffs "believe that the actual reason that [Mr. Nasiri] has been blackballed by U.S. government officials [is] because of a spat over several rugs that former Ambassador Eikenberry's wife, Mrs. Eikenberry, gave to [Mr. Nasiri] to store for her." *Id.* ¶ 44. Specifically, Mrs. Eikenberry told Mr. Nasiri to hold the rugs for her while she was away preparing for her return to the U.S. *Id.* Once the wife of subsequent Ambassador Cunningham saw the rugs in storage, Mr. Nasiri informed Mrs. Cunningham that the rugs were being kept for Mrs. Eikenberry, which upset Mrs. Cunningham. *Id.* Mrs. Cunningham allegedly "prohibited [Mr. Nasiri] from communicating with Mrs. Eikenberry and even went so far as to check his computer for any communications." *Id.* ¶ 45. Plaintiffs believe this dispute led to Mr. Nasiri "being deemed a security risk and barred, thus far, from entering the U.S." *Id.*

Based on the foregoing, the complaint asserts two claims. *Id.* ¶¶ 46–66. First, plaintiffs allege that final adjudication of Mr. Nasiri's visa applications has been unreasonably delayed, and that pursuant to 5 U.S.C. § 706 of the Administrative Procedure Act, the Court should compel the agency to issue a final decision on Mr. Nasiri's applications. *Id.* ¶ 48. Specifically, plaintiffs allege that defendants are "intentionally delaying a response to the [Department of State] in regard to [Mr. Nasiri's] visa application."[3] *Id.* ¶¶ 51–52. Second, plaintiffs allege that the "refusal of [d]efendants to issue a final decision on the spouse visa filed by [Mrs. Nasiri] is a

---

[3] The complaint does not specify which of the two visa applications, the SIV, or spousal visa, has been unreasonably delayed. This Court addresses both.

3

violation of her [Fifth Amendment] due process rights and interferes with her recognized right to be united with her husband as a lawfully married couple." *Id.* ¶ 65.

On March 23, 2022, defendants filed a motion to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). MTD at 17. On April 20, 2022, plaintiffs filed an opposition to the motion, arguing that a 12(b)(1) motion is inappropriate because the visa applications are still pending final adjudication and that there are cognizable claims sufficient to survive an attack under 12(b)(6). Doc. 17. On May 9, 2022, defendants filed a reply. Doc. 18. On July 20, 2023, the then-assigned district judge issued a minute order allowing the parties to submit supplemental briefing in light of the Ninth Circuit's decision in *Munoz v. U.S. Department of State*, 50 F.4th 906 (9th Cir. 2022). Doc. 23. Both parties submitted supplemental briefings. Docs. 26, 27. On June 21, 2024, defendants filed a notice of supplemental authority, referencing *Department of State v. Munoz*, 602 U.S. 899 (2024), which reversed and remanded the Ninth Circuit's decision in *Munoz*. Doc. 34.

## II.   LEGAL STANDARD

*1. Motion to Dismiss for Lack of Jurisdiction under Federal Rule of Civil Procedure 12(b)(1)*

A party may move to dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1). A motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) may be facial or factual. *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1028 (9th Cir. 2023). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by

1  themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at
2  1039. In a factual challenge, the court does not simply accept the allegations in the complaint as
3  true. *Leite*, 749 F.3d at 1121. Once the truth of the allegations is challenged, the responding
4  party needs to support the jurisdictional allegations with "competent proof." *Id.* "[T]he party
5  opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of
6  establishing subject matter jurisdiction." *Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d
7  939, 944–45 (9th Cir. 2021) (internal citations and quotations omitted). The court then makes
8  findings of fact, resolving any material factual disputes by independently evaluating the evidence.
9  *Id.*
10  In the instant case, defendants' motion presents a factual attack. Defendants submit
11  declarations and additional evidence disputing plaintiffs' conclusory allegation that the visa
12  applications had not been finally adjudicated.
13      2. *Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure*
14         *12(b)(6)*
15  The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
16  sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.
17  1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of
18  sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901
19  F.2d 696, 699 (9th Cir. 1990).
20  In determining whether a complaint states a claim on which relief may be granted, the
21  court accepts as true the allegations in the complaint and construes the allegations in the light
22  most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However,
23  the court need not assume the truth of legal conclusions cast in the form of factual allegations.
24  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). While Rule 8(a) does not require detailed factual
25  allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me
26  accusation." *Id.* at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a
27  formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S.
28  544, 555 (2007); *see also id.* at 678 ("Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The "underlying purpose of Rule 15 [is] to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up). However, a court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

**III.    DISCUSSION**

*1.   Plaintiffs' First Claim of Agency Action Unreasonably Delayed*

The Court first turns to defendants' motion to dismiss for lack of jurisdiction. Article III of the U.S. Constitution confers jurisdiction to federal courts over *live* "cases" or "controversies." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (citing U.S. Const. art. III). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "Because [mootness pertains] to a federal court's subject matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

The entirety of plaintiffs' first claim of unreasonable delay and request to compel final agency action is premised on the conclusion that there has not yet been a final adjudication on Mr. Nasiri's visa applications. Accordingly, a finding otherwise would necessarily render this case moot and strip this Court of jurisdiction to hear plaintiffs' claims. Defendants dispute plaintiffs' conclusory allegation and submit declarations and evidence establishing that the agency's decisions on Mr. Nasiri's visa applications were final agency decisions. Plaintiffs have

1  not submitted evidence to contest these additional facts, and the Court finds them to be true as
2  addressed below.

3         Section 221(g) of the Immigration and Nationality Act (INA) governs the criteria
4  considered by the consular officer in denying applicants a visa.  8 U.S.C. § 1201(g).  Specifically,
5  § 221(g) refers consular officers to 8 U.S.C. §§ 1182–84, which provides for various factual
6  findings that disqualify applicants for admission.  Both parties agree that Mr. Nasiri's two visa
7  applications at issue, the SIV and the spousal visa, were refused under § 221(g).  However, they
8  dispute whether such a refusal constitutes a "final decision."  MTD at 18; Opp'n at 7.  "For an
9  'agency action to be final,' the action must: (1) 'mark the consummation of the agency's
10 decisionmaking process,' and (2) 'be one by which rights or obligations have been determined, or
11 from which legal consequences will flow.'"  *Al Otro Lado, Inc. v. Mayorkas*, No. 23-cv-1367-
12 AGS-BLM, 2024 WL 4370577, at *11 (S.D. Cal. Sep. 30, 2024) (citing *Bennett v. Spear*, 520
13 U.S. 154, 177–78 (1997) (cleaned up).

14        Some courts have deemed a refusal under § 221(g) to constitute a final decision.  *See, e.g.,*
15 *Senobarian v. Blinken*, No. 2:23-cv-07208-ODW-MAA, 2024 WL 897566, at *3 (C.D. Cal. Feb.
16 29, 2024); *OC Modeling, LLC v. Pompeo*, No. 20-cv-1687-PA-MAA, 2020 WL 7263278, at *3
17 (C.D. Cal. Oct. 7, 2020).  However, where refusal has been due to a need for further administrative
18 processing or a vacatur of the denial by the agency, courts have held such action to *not* be final.
19 *See, e.g., Alam v. Blinken*, No. 2:24-cv-01103-DJC-CKD, 2024 WL 4804557, at *5 (E.D. Cal. Nov.
20 15, 2024); *Bhasin v. U.S. Dep't of Homeland Sec.*, 413 Fed. Appx. 983, 985 (9th Cir. 2011).
21 Importantly, "[t]he mere fact that the Department has chosen to characterize this action as a
22 "refusal" does not necessarily make it a final decision; 'the focus should be on what is *actually*
23 happening[.]'"  *Aminzadeh v. Blinken*, No. 2:24-cv-02025-DSF-MRW, 2024 WL 3811153, at *4
24 (C.D. Cal. Aug. 9, 2024) (quoting *Vulupala v. Barr*, 438 F. Supp. 3d 93, 98 (D.D.C. 2020)
25 (emphasis added).

26        Accordingly, this Court must make a factual determination based on the nature of the refusal
27 of each of the visas in question, the SIV and the spousal visa, in deciding whether their refusal
28 constitutes final agency action.  Specifically, if Mr. Nasiri's refusal under § 221(g) was held in

7

1 abeyance pending the receipt of additional information or pending further administrative
2 processing, the refusal would not constitute final agency action. *See Taherian v. Blinken*, No.
3 SACV 23-01927-CJC, 2024 WL 1652625, at *1, *4 (rejecting claim of consular nonreviewability
4 where "[e]ach Beneficiary Plaintiff participated in a consular interview, had their visa refused under
5 8 U.S.C. § 1201(g), and was then asked to submit supplemental information via DS-5535 form").
6 On the other hand, if the refusal was based on the merits of the visa application and cited specific
7 factual determinations requiring such refusal, *see e.g.,* 8 U.S.C. § 1182, the action is final. *See*
8 *Bechirian v. Blinken*, No. 20-55913, 2022 WL 260052, at *1 (9th Cir. Jan. 27, 2022) (affirming
9 dismissal of plaintiffs-appellants' complaint pursuant to the doctrine of consular nonreviewability
10 following the "consular officer's reliance on facially valid statutory and factual bases for denying
11 [appellant's] visa application").

*a. The Special Issuance Visa ("SIV")*

Following Mr. Nasiri's filing of the SIV application on November 8, 2012, the consular officer issued Mr. Nasiri an SIV on October 19, 2014. Doc. 11-1 ("Carilli Decl.") ¶ 8. On December 7, 2014, Mr. Nasiri was notified that the initial SIV approval was revoked pursuant to 8 U.S.C. § 1182(a)(5) due to the emergence of derogatory information. *Id.* ¶ 13. On December 8, 2014, "the consular officer refused [Mr. Nasiri's] visa application under INA 221(g)." *Id.* ¶ 14. On February 18, 2017, Mr. Nasiri's appeal of the revocation was denied. *Id.* ¶ 15. On March 17, 2017, "USCIS revoked the Form I-360 petition." *Id.* ¶ 16; Doc. 11-1, Ex. 1. In the revocation, the notice states that "the approval of [Mr. Nasiri's] I-360 petition is hereby revoked." Doc. 11-1, Ex. 1. The notice also afforded Mr. Nasiri the opportunity to appeal this revocation to the Administrative Appeals Office (AAO) by "filing a Notice of Appeal or Motion (Form I-290B) within 30 days of the date of this decision . . . If [U.S. Citizenship and Immigration Services] does not receive a properly filed appeal or motion, this decision is *final*." *Id.* (emphasis added).

Mr. Nasiri does not allege in his complaint, nor in his reply to the motion to dismiss, that he filed any appeal following the final revocation of his SIV. Indeed, there has been no indication of any additional administrative appeal by Mr. Nasiri challenging the factual determinations by the consular officer. Given that the revocation of Mr. Nasiri's SIV was based on the merits of his

8

1  visa application and there is no pending appeal nor administrative processing, the refusal under
2  § 221(g) constitutes final agency action and is not subject to 5 U.S.C. § 706 of the Administrative
3  Procedure Act.  *See Allen v. Milas*, 896 F.3d 1094, 1108 (9th Cir. 2018) ("[T]he [Administrative
4  Procedure Act] provides no avenue for review of a consular officer's adjudication of a visa on the
5  merits.").

                *b. The Spousal Visa*

       Following Mrs. Nasiri's filing of the I-130 Petition for Alien Relative in June 2018 and approval in June 2020, Mr. Nasiri's visa application was refused under 221(g) due to "missing required documents and administrative processing." Carilli Decl. ¶¶ 24–26.  Following a second interview in July 2020, the consular officer provided Mr. Nasiri with DS-Form 5535 requesting additional information. *Id.* ¶ 27.  That form was completed by August 4, 2020.  *Id.* ¶ 28.  At that stage in the proceedings, agency action was not yet final as the refusal under § 221(g) was due to the need for additional information.  However, in February 2021, the consular officer "refused Mr. Nasiri's spousal visa application under 8 U.S.C. § 1182(a)(3)(B) for 'terrorism related activities.'" *Id.* ¶ 29.  The consular officer then "personally provided Mr. Nasiri with oral and written notice that his application was refused under 8 U.S.C. § 1182(a)(3)(B) and that no waiver was available." *Id.* ¶ 30.  Because Mr. Nasiri's spousal visa application was denied pursuant to a factual finding under 8 U.S.C. § 1182(a)(3)(B), and there is no pending appeal nor administrative process, the refusal under § 221(g) constitutes final agency action. *See Allen*, 896 F.3d at 1108.

       As defendants' decisions refusing Mr. Nasiri's visa applications were final consular adjudications on the merits, plaintiffs' first claim, to compel the defendants to issue final decisions, is denied as moot.[4]

    2. *Plaintiffs' Claim of Fifth Amendment Due Process Violations*

       Plaintiffs claim that defendants' refusal to issue a final decision on the spousal visa violates Mrs. Nasiri's "due process rights and interferes with her recognized right to be united with her husband as a lawfully married couple." Compl. ¶ 65.  For the reasons stated above,

---

[4] Given that the Court dismisses plaintiffs' first claim as moot, it need not address defendants' motion to dismiss plaintiffs' first claim for failure to state a claim under Rule 12(b)(6).

9

defendants have in fact issued a final decision on Mr. Nasiri's spousal visa application, and therefore the claim is moot and the Court lacks jurisdiction to hear it.

To the extent that plaintiffs allege defendants' *refusal* of Mr. Nasiri's spousal visa application deprives Mrs. Nasiri of her due process rights, plaintiffs' claim is foreclosed by the Supreme Court's recent decision in *Department of State v. Munoz*, 602 U.S. 899 (2024). There, the Supreme Court held that "a citizen does not have a fundamental liberty interest in [their] noncitizen spouse being admitted to the country." *Id.* at 909; *see Alam*, 2024 WL 4804557, at *10. Consistent with that decision, plaintiffs have failed to state a cognizable claim that Mrs. Nasiri's due process rights were violated. Accordingly, the Court grants defendants' motion to dismiss plaintiffs' second claim. Moreover, because leave to amend the complaint would be futile, the Court dismisses the second claim without leave to amend.

## IV. CONCLUSION

Based on the foregoing, the Court ORDERS:

1. Defendants' motion to dismiss, Doc. 11, is GRANTED;
2. Plaintiffs' first and second causes of action are dismissed without leave to amend; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   February 6, 2025

UNITED STATES DISTRICT JUDGE